GAVIN KOGAN (CSBN 201564)
gavin@koganllp.com
KOGAN & ASSOCIATES LLP
147 South River Street, Suite 234-A
Santa Cruz, CA 95060
Tel. 831-429-1122
Fax. 831-429-1123

Attorneys for Creditor Next Group Lenders

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>GILMORE ELDON ERICKSON and DRESDEN MARIA ERICKSON, husband and wife.<br><br>Defendants.<br><br>NEXT GROUP LENDERS,<br>Plaintiffs,<br>v.<br>GILMORE ELDON ERICKSON<br>Defendant. | Case No. 09-52811<br>Chapter 13<br><br>ADV. No. 09-05196<br><br>**FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER §523(a)(2)(A) & (B)** |

The NEXT GROUP LENDERS, identified individually on the attached Exhibit "A", (collectively "Plaintiffs") now come before the Court and respectfully represent as to each member of the group as follows:

**BACKGROUND**

1. On or about April 15, 2009, Gilmore Eldon Erickson and his spouse Dresden Maria Erickson (hereinafter collectively "Debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code as Case No. 09-52811.

2. At all times relevant hereto, Dresden Erickson was and is the spouse Defendant Gilmore Erickson. All liabilities complained of herein are the liabilities of the marital community of Defendant Dresden Erickson.

3. On information and belief, at all times relevant hereto, Defendants, and each of them, Billy Erickson and Alexander Erickson, 5th Street Tower, LLC, Delmas Towers, LLC, Grandpoint Community Builders, Inc., Next Group Development, Next Group Development, Inc., Northpoint Development and Northpoint Development, Inc. all acted as agents and or representatives or instrumentalities of the Defendants such that there existed such a unity of interest as to make each liable for the acts of the other.

4. On information and belief, Defendant employed four distinct entities designed to obtain and secure the financing: (i) 5th Street Tower, LLC, (ii) Delmas Towers, LLC and (iii) Grandpoint Community Builders, Inc. d/b/a "Northpoint Development" (collectively, the "Entities").

5. In addition, the Defendant employed the Erickson Family Trust (the "Trust") to offer guaranties of repayment of loans made to the Entities.

6. Defendant Gilmore Eldon Erickson, (hereinafter the "Defendant") solicited private investments to fund development of two large condominium projects, commonly known as the "5th Street Tower" and the "Delmas Tower" (hereinafter collectively the "Projects"), located in San Jose, California.

7. On information and belief, Plaintiffs, and each of them, allege that there has existed and still exists such unity of interest and ownership among and between Debtors, the Trust and the Entities that the separate personalities of the Entities, the Trust and the individuals has ceased to exist. Debtors have neglected to adhere to corporate and trust formalities, have commingled the corporate and trust assets with their own, undercapitalized the Entities and or the Trust and used the corporate and trust form as an extension of themselves rather than as separate entities. If the acts alleged herein are attributed only to the Entities and or the Trust rather than to both the Entities, the Trust and Debtors, individually, Debtors will be able to retain monies improperly and inequitably obtained. Thus, the Entities, the Trust and each of them, should be treated as the alter egos of Debtors.

8. At all relevant times during 2007 and 2008, Defendant solicited the Plaintiffs, and each of

In Re Erickson, CAND Bankr. Case No. 09-52811

1st AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

them, to invest money in the various Entities under standard interest bearing Promissory Notes, Loan Agreements and Guarantees offered by Defendant's Trust and sometimes Defendant individually.

9. In and around late 2008 and early 2009, the Entities defaulted on their respective obligations and the Defendant and his Trust has defaulted on its Guarantees.

## JURISDICTION

10. This adversary proceeding is being brought in connection with defendant's case under Chapter 13 of Title 11, Case No. 09-52811 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

11. Plaintiffs and each of them are creditors of the Entities, the Defendant and or the Defendant's Trust.

## FIRST CLAIM FOR RELIEF
## 11 U.S.C. §523(a)(2)(A)

12. Plaintiffs reallege the foregoing paragraphs and incorporate them by reference herein as if set forth in full.

13. In or around 2007, Defendant individually or by and through his agents, solicited Plaintiffs, and each of them, to make individual loans to Defendant's Entities in various amounts of money, typically exceeding a hundred thousand dollars per investment.

14. On information and belief, Defendant's solicitation was accomplished by verbal representations designed to create or foster the impression in the Plaintiffs' minds, and each of them, that (i) the Entities would regularly communicate with Plaintiffs about the status of loan repayment, (ii) Defendant and or Defendant's Trust would not make future loan guarantees and (iii) that the Defendant and or Defendant's Trust had the ability to make repayment, if so required (the "Oral Misrepresentations").

15. The Oral Misrepresentations were material and Plaintiffs justifiably relied thereon in advancing loan funds to Defendants Entities.

16. On information and belief, the Oral Misrepresentations were in fact false; at the time they were made, (i) Defendant did not intend to cause the Entities to communicate with Plaintiffs about the status of loan repayment, (ii) Defendant and or Defendant's Trust intended, and in fact did, make

In Re Erickson, CAND Bankr. Case No. 09-52811

Case: 09-52811  Doc# 54  Filed: 08/04/09  Entered: 08/04/09 12:27:39  Page 3 of 5

1st AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

future loan guarantees and (iii) Defendant knew, or had reason to know, that Defendant's Trust would not have the ability to make repayment, when and if so required.

17. As a direct and proximate cause of the Oral Misrepresentations, Plaintiffs suffered the losses complained of herein.

## SECOND CLAIM FOR RELIEF

## 11 U.S.C. §523(a)(2)(B)

18. Plaintiffs reallege the foregoing paragraphs and incorporate them by reference herein as if set forth in full.

19. Defendant employed written statements of financial condition to induce Plaintiffs to lend money to the Entities. On information and belief, the written statements included assets lists, accounting documents and financial data, prepared and presented for the purpose of creating the impression in the minds of Plaintiffs that the Debtors, the Entities and the Trust were capable, and would be capable of satisfying the financial obligations under the loans ("Written Misrepresentations") when the same became due.

20. On information and belief, the Plaintiffs allege that at the time the Written Misrepresentations were made, Defendant was aware the Written Misrepresentations were false and or that the Written Misrepresentations would be false when the loans became due and that Defendant, Defendant's Entities and Defendant's Trust would not have the means, ability or intention of repaying the loans when due.

21. Plaintiffs justifiably relied on the Written Misrepresentations and thereupon extended credit to Defendant to Plaintiffs detriment.

22. The borrowing of Plaintiffs loans by Defendant by use of the Written Misrepresentations, alone, or in combination with the Oral Representations, constitutes the obtaining of money or extension of credit through false pretense, misrepresentation and actual or constructive fraud.

23. As a proximate result of the Oral and Written Misrepresentations, Plaintiffs have been damaged in the amount of set forth on Exhibit A opposite each individual Next Group Lender's name, plus interest at the contract rate, attorneys fees and legal costs.

24. The Oral and Written Misrepresentations were intentional, malicious, deceitful and were made with conscious disregard of the Plaintiffs rights, so as to justify an award of exemplary and

In Re Erickson, CAND Bankr. Case No. 09-52811

1st AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

4

Case: 09-52811    Doc# 54    Filed: 08/04/09    Entered: 08/04/09 12:27:39    Page 4 of 5

punitive damages according to proof.

25. At the time the Defendant filed for Bankruptcy protection, the aggregate balance owed to the Plaintiffs for all loans made was approximately $3,111,621.00

WHEREFORE, the Plaintiffs pray for judgment against Defendants as follows:

1. Declaring that the debt owed to Plaintiffs by Defendants is not dischargeable by reason of 11 U.S.C. §523(a)(2)(A);

2. Declaring that the debt owed to Plaintiffs by Defendants is not dischargeable by reason of 11 U.S.C. §523(a)(2)(B);

3. That each of the loans consist of at least the remaining balance that has come due;

4. For pre-judgment interest and costs of suit incurred herein;

5. For attorneys fees according to proof;

6. For punitive damages; and

6. For such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted:

Dated: August 04, 2009                KOGAN & ASSOCIATES, LLP

                                      //gk//
                                      By_____
                                         Gavin Kogan
                                         Attorneys for Creditor Next Group Lenders

In Re Erickson, CAND Bankr. Case No. 09-52811

Case: 09-52811    Doc# 54    Filed: 08/04/09    Entered: 08/04/09 12:27:39    Page 5 of 5

1st AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT